Law Offices of

# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376

May 13, 2026

**BY ECF**

Honorable Gregory H. Woods, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

> Re.   **Norman v. 880-882 LEX LLC, et al.,**
> **26cv460 (GHW)(OTW)**

Dear Judge Woods:

I represent the Plaintiff in the above-referenced action and on behalf of all Parties, we respectfully submit this joint status letter pursuant to the Notice of Initial Conference dated January 20, 2026, (Dkt. Doc.#5).

**1.     A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

Plaintiff filed this putative class action seeking redress for Defendants decades long disability discrimination in violation of the Title III of the Americans with Disabilities Act, New York State Human Rights Law, and New York City [Administrative Code] Human Rights Law. Presently, Plaintiff has direct evidence of defendants' unlawful discrimination and architectural barriers.

To resolve this action, it is necessary to identify each architectural barrier and determine the necessary remedies and alterations. Plaintiff will pursue discovery regarding the existing architectural barriers, the Defendants' financial condition, and assess the potential impact of the required remedies and modifications on the Defendants' business operations. Additionally, it is important to establish what amount of monetary damages would fairly compensate the Plaintiff, as well as reasonable attorney's fees and costs.

Defendants dispute the existence of any architectural barriers and deny any discrimination or wrongdoing whatsoever. Defendants maintain that the premises are fully accessible, including via a wheelchair accessible lift already present at the property. Defendants

**Law Offices of**
**James E. Bahamonde, P.C.**

further maintain that the premises are fully compliant with the ADA and all state and city laws. Moreover, based on the allegations in the Complaint, Defendants maintain it is unclear whether Plaintiff can establish ADA standing under the Second Circuit's decision in *Calcano v. Swarovski*, 36 F.4th 68 (2d Cir. 2022). Furthermore, the enforcement provisions of the ADA provide only for a civil action seeking injunctive relief. *See Guardians Assoc. v. Civil Service Comm.*, 463 U.S. 582, 600, 77 L. Ed. 2d 866, 103 S. Ct. 3221 (1983). "Neither compensatory nor punitive damages are available to a private plaintiff under the ADA." *Mirando v. Villa Roma Resorts, Inc*., 99 Civ. 0162 (TPG), 1999 U.S. Dist. LEXIS 17887, *4 (S.D.N.Y. Nov. 18, 1999). While compensatory damages might be available under state and city laws, Defendants maintain that courts in this circuit may refuse to exercise supplemental jurisdiction over such claims. *See e.g. Phillips v. 180 Bklyn Livingston, LLC*, 2017 U.S. Dist. LEXIS 75154 (E.D.N.Y. May 16, 2017).

**2.    A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall comply with the Court's Individual Rule 2(B)(ii).**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in this case arises under the Americans with Disabilities Act, 42 U.S.C. § 12117.  The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act.  The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in New York County.

**3. A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;**

Plaintiff brings this suit as a class action for all those similarly situated, who, as persons who must use a wheelchair by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA, New York State law and New York City Administrative Code. Consequently, Plaintiff may seek class certification. However, at this time, Plaintiff has not determined whether class certification is necessary.

**Law Offices of**
**James E. Bahamonde, P.C.**

May 13, 2026
Page    - 3 -

**4. A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));**

No discovery has yet taken place..

Pursuant to the Federal Rules of Evidence, Rules 602 and 701, Plaintiff will present direct evidence demonstrating Defendants disability discrimination and unlawful architectural barriers in violation of federal, state, and local laws. In addition, pursuant to 803 and 806, Plaintiff intends to attack defendants' agent's credibility related to its compliance with federal, state, and local laws.

In discovery, Plaintiff will pursue production of the proprietary lease, records establishing Defendant's financial condition, Defendant's response to this and other related lawsuits, identification of accessibility alterations made since 1993, the impact the proposed remedies and alterations will have on Defendant's business, and identification of what Defendant has done to comply with the ADA, New York State Human Rights Law, and NYC Human Rights Law since 1993.

At this time, Plaintiff has not yet decided whether expert evidence will be necessary.

Defendants will produce evidence, including expert testimony, demonstrating the condition of the property as complying with all applicable accessibility laws.

**5. A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);**

Plaintiff has alleged compensatory, statutory, and punitive damages. The compensatory damages are recoverable under New York State Executive law and New York City Administrative Code. Statutory damages are recoverable under and New York State Civil Rights Law 40-c and 40-d. Punitive damages are recoverable under New York City Administrative Code.

Pursuant to New York State Civil Rights Law 40-c and 40-d, Plaintiff seeks $500 for each and every civil rights violation.

Under New York State Executive Law and New York City Administrative Code, Plaintiff seeks compensatory damages in the amount of $20,000. Lastly, in an amount to be determined at trial, Plaintiff seeks punitive damages against defendants for their reckless disregard of Plaintiff's civil and human rights under New York City Administrative Code.

Defendants deny that Plaintiff is entitled to any of the damages sought.

**Law Offices of**
**James E. Bahamonde, P.C.**

May 13, 2026
Page     - 4 -

**6. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference;**

Plaintiff's attorney, James E. Bahamonde, and Defendants' attorney, Stephen Barnett, have had settlement discussions. If parties are unable to reach a settlement agreement by the end of June 2026, we will seek participation in the mediation program of the Southern District Court of New York

**7. Any other information the parties believe may assist the Court in resolving the action.**

None.

Thank you for Your Honor's attention and consideration of this matter.

Respectfully submitted,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.

cc: (via ECF)

Stephen J. Barrett
Attorney for Defendants