UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIMMARIE NORMAN, Individually and on Behalf of All Others Similarly Situated,

                           Plaintiff,

             -against-

880-882 LEX LLC and 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS,

                         Defendants.

1:26-cv-00460-GHW

**DEFENDANTS' ANSWER TO THE COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants 880-882 LEX LLC and 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS (hereinafter "Defendants"), by their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, respectfully answer the Amended Complaint, dated April 30, 2026 (Dkt. No. 8) (hereinafter "Complaint"), of the Plaintiff, as follows:

## ANSWERING "STATEMENT OF CLAIM"

1. Defendants deny the allegations contained in paragraph 1 of the Complaint, and respectfully refer all questions of law to this Honorable Court.

2. With respect to the allegations contained in paragraph 2 of the Complaint, Defendants admit that Plaintiff purports to bring this action on behalf of herself and others, but deny that Plaintiff and the purported class members are entitled to any relief. All allegations not expressly admitted are denied.

3. With respect to the allegations contained in paragraph 3 of the Complaint, Defendants admit that Plaintiff has styled her Complaint as seeking various forms of relief, but deny that Plaintiff is entitled to any of the relief sought. All allegations not expressly admitted are denied.

322491314v.1

**ANSWERING "VENUE AND JURISDICTION"**

4.      Paragraph 4 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in paragraph 4 of the Complaint, except to admit that the Court has federal question jurisdiction over causes of action arising under the Americans with Disabilities Act.

5.      Paragraph 5 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has federal question jurisdiction over causes of action arising under the Americans with Disabilities Act. All allegations not expressly admitted are denied.

6.      Paragraph 6 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that the Court should exercise its discretion to exercise supplemental jurisdiction over state and city claims in this action. All allegations not expressly admitted are denied.

7.      Paragraph 7 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations set forth in paragraph 7 of the Complaint.

**ANSWERING "PARTIES"**

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and on that basis deny the allegations contained therein.

9.      With respect to paragraph 9 of the Complaint, Defendants admit that Defendant 880-882 LEX LLC is a New York limited liability company. All allegations not expressly admitted are denied.

10.    With respect to paragraph 10 of the Complaint, Defendants admit that Defendant 880-882 LEX LLC owns property at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

11.    With respect to paragraph 11 of the Complaint, Defendants admit that Defendant 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS is a New York limited liability company. All allegations not expressly admitted are denied.

**ANSWERING "CLASS ACTION"**

12.    With respect to the allegations contained in paragraph 12 of the Complaint, Defendants admit that Plaintiff purports to bring this action on behalf of herself and others, but deny that Plaintiff and the purported class members are entitled to any relief. All allegations not expressly admitted are denied.

13.    Defendants deny the allegations contained in paragraph 13 of the Complaint.

**ANSWERING "STATUTORY SCHEME"**

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis deny the allegations contained therein.

15.    Defendants neither admit nor deny the allegations contained in paragraph 15 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

16.    Defendants neither admit nor deny the allegations contained in paragraph 16 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

322491314v.1

17. Defendants neither admit nor deny the allegations contained in paragraph 17 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

18. Defendants neither admit nor deny the allegations contained in paragraph 18 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

19. Defendants neither admit nor deny the allegations contained in paragraph 19 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

20. Defendants neither admit nor deny the allegations contained in paragraph 20 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

21. Defendants neither admit nor deny the allegations contained in paragraph 21 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

22. Defendants neither admit nor deny the allegations contained in paragraph 22 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

23. Defendants neither admit nor deny the allegations contained in paragraph 23 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

24.    Defendants neither admit nor deny the allegations contained in paragraph 24 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

25.    Defendants neither admit nor deny the allegations contained in paragraph 25 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

26.    Defendants neither admit nor deny the allegations contained in paragraph 26 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

27.    Defendants neither admit nor deny the allegations contained in paragraph 27 of the Complaint as the statement does not require a response, and if a response is required, respectfully refer all questions of law to this Honorable Court.

## **ANSWERING "FACTUAL BACKGROUND"**

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.    With respect to paragraph 29 of the Complaint, Defendants admit that Defendant 880-882 LEX LLC owns the property located at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

30.    With respect to paragraph 30 of the Complaint, Defendants admit that Defendant 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS operates a Dunkin' Donuts located at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied, including that the property is a public accommodation.

322491314v.1

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis deny the allegations contained therein.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and on that basis deny the allegations contained therein.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and on that basis deny the allegations contained therein.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and on that basis deny the allegations contained therein.

## ANSWERING "FIRST CAUSE OF ACTION"

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

6

322491314v.1

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint as phrased except to admit that there is a Dunkin' Donuts located at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint as phrased except to admit that Defendant 880-882 LEX LLC owns the property at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint as phrased except to admit that Defendant 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS leases the property at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint as phrased except to admit that food is sold at the Dunkin' Donuts located at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

322491314v.1

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

## ANSWERING "SECOND CAUSE OF ACTION"

70. Defendants repeat and incorporate the answers and allegations set forth at paragraphs 1 through 69 above as if fully set forth herein.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint as phrased except to admit that Defendant 880-882 LEX LLC owns the property at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

8

322491314v.1

74.   Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.   Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.   Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.   Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.   Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.   Defendants deny the allegations contained in paragraph 79 of the Complaint.

## ANSWERING "THIRD CAUSE OF ACTION"

80.   Defendants repeat and incorporate the answers and allegations set forth at paragraphs 1 through 79 above as if fully set forth herein.

81.   Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.   Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.   Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, and on that basis deny the allegations contained therein.

## ANSWERING "FOURTH CAUSE OF ACTION"

85.   Defendants repeat and incorporate the answers and allegations set forth at paragraphs 1 through 84 above as if fully set forth herein.

86.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87.   Defendants deny the allegations contained in paragraph 87 of the Complaint as phrased except to admit that there is a Dunkin' Donuts located at 882 Lexington Ave, New York, NY. All allegations not expressly admitted are denied.

322491314v.1

88.    Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.    Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.    Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.    Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.    Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint, and on that basis deny the allegations contained therein.

94.    Defendants deny the allegations contained in paragraph 94 of the Complaint.

## ANSWERING "FIFTH CAUSE OF ACTION"

95.    Defendants repeat and incorporate the answers and allegations set forth at paragraphs 1 through 94 above as if fully set forth herein.

96.    Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in paragraph 97 of the Complaint.

98.    Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.    Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

## ANSWERING "SIXTH CAUSE OF ACTION"

102.    Defendants repeat and incorporate the answers and allegations set forth at paragraphs 1 through 101 above as if fully set forth herein.

103.    Defendants deny the allegations contained in paragraph 103 of the Complaint.

10

## ANSWERING THE "PRAYER FOR RELIEF"

The Prayer for Relief requires no response. To the extent any response is deemed required, Defendants deny that Plaintiff should be granted any of the relief requested in paragraphs A through I.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following additional defenses to Plaintiff's claims. The assertion of such defenses, or the designation of a defense as an "affirmative defense," does not admit that Defendants have the burden of proving the matter asserted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff lacks the requisite standing under the Americans with Disability Act ("ADA") to maintain this cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any alleged violations do not affect the Plaintiff's alleged disability.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege a plausible intention or desire to return to the property, or that she would have returned if not for the alleged barrier.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Removal of the alleged barriers and/or alternative access requirements with respect to the subject property are not readily achievable and are thus not required.

11

322491314v.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to monetary relief, either compensatory or punitive under the provisions of the Americans with Disabilities Act.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred from recovery, in whole or in part, as Plaintiff has suffered no damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to satisfy a necessary condition precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because any remediation sought is physically impracticable.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

No actual constructive notice regarding accessibility issues were provided to Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The requested changes would constitute an undue burden.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendants are not responsible for the alleged barriers.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the property is in full compliance with all federal and state laws pursuant to the equivalent facilitation doctrine.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Court should decline to exercise supplemental jurisdiction over Plaintiff's claims for monetary damages arising under the state law for the same policy reasons set forth in *Phillips v. 180 Bklyn Livingston, LLC*, 2017 U.S. Dist. LEXIS 758154 (E.D.N.Y. May 16, 2017).

322491314v.1

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The alleged property deficiencies enumerated in Plaintiff's Complaint are moot.

## RESERVATION OF RIGHT TO AMEND

Defendants reserve the right to assert additional affirmative defenses or other defenses in regard to the Plaintiff's claims as may be revealed through discovery.

**WHEREFORE**, 880-882 LEX LLC and 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS respectfully request that the Complaint asserted against them be dismissed in its entirety and all relief requested therein be denied, and that the Court award Defendants such further relief as the Court deems just and proper.

## JURY DEMAND

Defendants 880-882 LEX LLC and 882 LEX DONUTS LLC d/b/a DUNKIN DONUTS demand a trial by jury of all causes of action as to which the law entitles it to a trial by jury.

Dated:    New York, New York
          May 18, 2026

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

By:_____
    Stephen J. Barrett
    Gabriela Rios
    *Attorneys for Defendants*
    880-882 LEX LLC and 882 LEX DONUTS
    LLC d/b/a DUNKIN DONUTS
    150 East 42nd Street
    New York, New York 10017
    (212) 490-3000
    (212) 490-3038 (fax)
    Stephen.Barrett@wilsonelser.com
    Gabriela.Rios@wilsonelser.com
    Our File No.: 12742.00230

13

322491314v.1